684 So.2d 310 (1996)
In the Interest of P.A.J., A Child, Petitioner,
v.
John GNAT, Superintendent of the Duval Regional Juvenile Detention Center, Respondent.
No. 96-2990.
District Court of Appeal of Florida, First District.
December 17, 1996.
Louis O. Frost, Jr., Public Defender, and Ward L. Metzger, Assistant Public Defender, Jacksonville, for petitioner.
Robert A. Butterworth, Attorney General, and Jean-Jacques A. Darius, Assistant Attorney General, Tallahassee, for respondent.
PER CURIAM.
Having previously granted habeas corpus relief by unpublished order, we now provide this opinion to explain our reasons for doing so. At issue is whether the trial court properly ordered petitioner, a juvenile, to be held in secure detention pending an adjudicatory hearing.
At the time of his arrest on the present charge, petitioner was on pretrial release status with respect to another pending charge. A risk assessment instrument (RAI) prepared by petitioner's case manager included the assessment of two points for the pending charge under the "other current offenses and pending charges" category, and yielded a point total falling within the "nonsecure or home detention" cell. Following a detention hearing, petitioner was placed in home detention, but at his arraignment, the trial court elected to sua sponte review *311 his detention status.[1] In that regard, the trial court concluded that although the Department of Juvenile Justice had "scored [the RAI] right" by assigning two points for the pending charge, it erred by not aggravating the score based on the fact that petitioner committed his current offense while on release status with respect to that charge. The trial court thus announced that it was correcting the RAI to add the number of points necessary to reach the "secure detention" cell of the RAI, and ordered petitioner to be held in secure detention.
We agree with petitioner that the assessment of additional aggravation points based upon the pending charge resulted in the impermissible double scoring of a factor already accounted for in the RAI.[2] Section 39.042(2)(a), Florida Statutes (1995), mandates that except in circumstances not relevant here, "[a]ll determinations and court orders regarding placement of a child into detention care shall comply with all requirements and criteria in this part and shall be based on a risk assessment of the child." In this regard, a risk assessment cannot be aggravated based on factors already accounted for and quantified in the RAI. S.W. v. Woolsey, 673 So.2d 152 (Fla. 1st DCA 1996); see also, D.G.H. v. Gnat, 682 So.2d 210 (Fla. 1st DCA 1996).
In this case, the fact that petitioner was on release status with respect to the pending charge is not an additional and distinct aggravating factor, since any child against whom a delinquency charge is pending is by necessity either on release status or subject to some form of detention care. Had the latter circumstance been the case, the RAI requires the assessment of additional points under the category addressing the child's legal status at the time of the current offense. However, the increased risk associated with a child who commits an offense while on release status with respect to a pending charge is necessarily subsumed within and accounted for by the points already assessed for "other pending charges." The trial court therefore erred in assessing aggravation points based upon a factor already quantified in the RAI and in placing petitioner in secure detention pending an adjudicatory hearing.
BARFIELD, C.J., and WEBSTER and VAN NORTWICK, JJ., concur.
NOTES
[1] The detention hearing and the arraignment proceedings were presided over by different judges of the circuit court.
[2] Because we find petitioner's argument in this regard to be dispositive, we do not address his claims concerning the nature and extent of the trial court's authority to correct or aggravate an RAI score.