872 So.2d 343 (2004)
D. G., Petitioner,
v.
Adonis MILES, Detention Superintendent, Respondent.
No. 2D04-508.
District Court of Appeal of Florida, Second District.
April 16, 2004.
Julianne M. Holt, Public Defender, Tampa, and Kay S. Murray, Assistant Public Defender, for Petitioner.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Timothy A. Freeland, Assistant Attorney General, for Respondent.
PER CURIAM.
D.G., a juvenile, filed an emergency petition for writ of habeas corpus challenging his placement in secure detention, asserting that the trial court erred in scoring his probationary status twice under subsection III of his risk assessment instrument (RAI). We previously determined that D.G. was entitled to be released from secure detention and granted the petition by unpublished order, stating an opinion would follow. We now issue this opinion to explain our reasons for granting the petition.
D.G. was charged with possession of cocaine with intent to sell or deliver, possession of marijuana, and possession of drug paraphernalia. At his detention hearing, the trial court determined there was insufficient probable cause to sustain the charge of possession of cocaine with intent to sell or deliver and reduced the charge to possession of cocaine, a third-degree felony. The possession of cocaine offense, as the most serious current offense, resulted in a RAI score of seven points. For one previous offense with adjudication withheld, D.G. received a RAI score of one point. For legal status scoring on the RAI, one point was scored because D.G. had an active probation case in which adjudication was withheld more than ninety days previously. Thus, D.G.'s total RAI score should have been ten points. A RAI score of seven to eleven points requires nonsecure or home detention.
Here, the trial court scored the ten points, and then stated: "I'm going to aggravate him two points then to twelve... because he's on probation. He shouldn't have been where he was...." D.G's counsel objected because the fact *344 that D.G. was on probation had been taken into account on the RAI; thus, the probationary status should not have been used again as an aggravating factor. But the court added two more points to the RAI, bringing D.G.'s total score to twelve. The court ordered D.G. held in secure detention, which the RAI allows when the score is twelve or more points.
"The power to place those charged with, or found to have committed, a delinquent act in detention is entirely statutory in nature." S.W. v. Woolsey, 673 So.2d 152, 154 (Fla. 1st DCA 1996). Section 985.213(2)(a), Florida Statutes (2003), mandates that except in circumstances not relevant to this case, "[a]ll determinations and court orders regarding placement of a child into detention care shall comply with all requirements and criteria provided in this part and shall be based on a risk assessment of the child."
Double scoring for circumstances already taken into account by the RAI is impermissible. S.W., 673 So.2d at 155; P.A.J. v. Gnat, 684 So.2d 310, 311 (Fla. 1st DCA 1996) ("[R]isk assessment cannot be aggravated based on factors already accounted for and quantified in the RAI.").
Accordingly, we granted D.G.'s petition and ordered his immediate release from secure detention.
Petition for writ of habeas corpus granted.
FULMER, SILBERMAN, and COVINGTON, JJ., Concur.