WARNER, J.
A juvenile petitioned for writ of habeas corpus to relieve her from secure detention after she was arrested on multiple charges, all arising from the same event. Because the Risk Assessment Instrument was improperly calculated, we granted the relief and ordered her release. This opinion explains our reasoning.
The child was arrested for burglary of a conveyance, child abuse, and three battery charges, all arising from a fight between *652 the child and the victim. The child was delivered to the St. Lucie County Regional Juvenile Detention Center.
The Department of Juvenile Justice completed a Detention Risk Assessment, including a Risk Assessment Instrument (“RAI”). The calculation of the risk was made on a form created pursuant to section 985.213(2)(b)l, Florida Statutes (2004). The form provides in pertinent part:
Section III: Risk Assessment . [Points]
A. Most serious current offense
[[Image here]]
4. Violent third degree felonies «O
B. Other current offenses and pending charges (separate, non-related events)
1. Each felony ' Points Per Felony 2# to
2. Each misdemeanor Points Per Misdemeanor 1# CO
C. Prior History
[[Image here]]
3.1 felony adjudication or adjudication withheld Or misdemeanor Adjudication or adjudications withheld
D.Legal Status
[[Image here]]
E. Aggravating or Mitigating Circumstances
F. Mandatory Aggravating Circumstances: Illegal possession of a firearm
G. Detain/Release Decision
0-6 points = release
7-11 points = non-secure or home detention
12 or more points = secure detention
Total (Sum A-F) 14[1]
Because the child scored 14 points, the court ordered the child placed into secure detention pending adjudication.
She challenges the calculation of the RAI, and thus her detention, because the court erred in adding five points under category B for “Other current offenses and pending charges (separate, non-related events).” Because all of the charges arose out of the one incident of fighting, they were not separate, non-related events. Had the additional points in Category B been deleted in the RAI, the child would have scored out for non-secure or home detention. We agree with the child’s construction of the RAI instrument.
Section 985.213 entitled “Use of detention” provides:
*653 (1) All determinations and court orders regarding the use of secure, nonse-cure, or home detention shall be based primarily upon findings that the child:
(a) Presents a substantial risk of not appearing at a subsequent hearing;
(b) Presents a substantial risk of inflicting bodily harm on others as evidenced by recent behavior;
(c) Presents a history of committing a property offense prior to adjudication, disposition, or placement;
(d) Has committed contempt of court by:
1. Intentionally disrupting the administration of the court;
2. Intentionally disobeying a court order; or
3. Engaging in a punishable act or speech in the court’s presence which shows disrespect for the authority and dignity of the court; or
(e) Requests protection from imminent bodily harm.
(2)(a) All determinations and court orders regarding placement of a child into detention care shall comply with all requirements and criteria provided in this part and shall be based on a risk assessment of the child, unless the child is placed into detention care as provided in subparagraph (b)3.
(b)l. The risk assessment instrument for detention care placement determinations and orders shall be developed by the Department of Juvenile Justice in agreement with representatives appointed by the following associations: the Conference of Circuit Judges of Florida, the Prosecuting Attorneys Association, the Public Defenders Association, the Florida Sheriffs Association, and the Florida Association of Chiefs of Police. Each association shall appoint two individuals, one representing an urban area and one representing a rural area. The parties involved shall evaluate and revise the risk assessment instrument as is considered necessary using the method for revision as agreed by the parties. The risk assessment instrument shall take into consideration, but need not be limited to, prior history of failure to appear, prior offenses, offenses committed pending adjudication, any unlawful possession of a firearm, theft of a motor vehicle or possession of a stolen motor vehicle, and probation status at the time the child is taken into custody. The risk assessment instrument shall also take into consideration appropriate aggravating and mitigating circumstances, and shall be designed to target a narrower population of children than s. 985.215(2). The risk assessment instrument shall also include any information concerning the child’s history of abuse and neglect. The risk assessment shall indicate whether detention care is warranted, and, if detention care is warranted, whether the child should be placed into secure, nonsecure, or home detention care.
The risk assessment criteria do not appear to stress importance on the number of charges that may arise from a single event, as would, for instance, a sentencing scoring sheet. Instead, the instrument focuses on the overall history of the child and his or her contact with the justice system and criminal activity. In particular, it gauges detention decisions on the degree of risk of flight, substantial risk of harm to the public, and respect for the court system. The number of crimes that a prosecutor can charge out of a single event is not a factor.
We agree with the interpretation of the RAI as explained in D.G.H. v. Gnat, 682 So.2d 210 (Fla. 1st DCA 1996). There, the child was arrested for a third-degree felo *654 ny of battery on a school board employee and a misdemeanor of -willful disturbance of a school. The court explained how the child’s RAI was scored:
The day following his arrest, the child, who had no prior history of juvenile or criminal offenses, was released to nonse-cure home detention status pursuant to a nine-point score on the risk assessment instrument (RAI) based on the battery charge. No points were assigned for the remaining accusation, disturbance of a school, because, although one additional point may be assessed for a misdemeanor, the form apparently requires the inclusion of an additional point only if the misdemeanor charge involves an event that is separate and unrelated to the most serious current offense for which points are scored.
682 So.2d at 211 (emphasis supplied). Although this language is dicta, the first district’s interpretation of the form is the same as ours.
In addition, in D.G. v. Miles, 872 So.2d 343 (Fla. 2d DCA 2004), the court also relied on the same understanding of eliminating related pending charges from the RAI calculation. There, three charges were pending against the child: possession of cocaine with intent to sell or deliver; possession of marijuana; and possession of drug paraphernalia. At the detention hearing, the court reduced the charge of possession of cocaine with intent to deliver to simple possession because of insufficient probable cause. The cocaine possession offense was then scored as the “most serious current offense.” Id. at 343. The other charges were not scored. Again, although the court did not directly rule on the interpretation of the instrument, it relied on the same interpretation as in D.G.H. and found that double scoring for related charges was impermissible. Id. at 344.
Based on the clear and unambiguous language of the Risk Assessment Instrument created pursuant to section 985.213, we hold that the RAI requires the scoring of the most serious offense charged. Other charges arising out of the same incident are not scored on the instrument. Therefore, subtracting the points for other offenses from M.S.’s RAI yields a determination that the child does not require secure detention pending her adjudicatory hearing.

Petition granted.

GUNTHER and POLEN, JJ., concur.

. We calculate the total as 15 and not 14 points (9 + 2 + 3 +1).