998 So.2d 634 (2008)
M.G., a juvenile, Petitioner,
v.
Vershawn BERRY, Superintendent Miami-Dade Regional Juvenile Detention Center, and The State of Florida, Respondents.
No. 3D08-2807.
District Court of Appeal of Florida, Third District.
November 7, 2008.
*635 Bennett H. Brummer, Public Defender, and Billie Jan Goldstein, Assistant Public Defender, for petitioner.
Bill McCollum, Attorney General, and Nikole Hiciano, Assistant Attorney General, for respondents.
Before COPE and RAMIREZ, JJ., and SCHWARTZ, Senior Judge.
PER CURIAM.
M.G., a juvenile, petitions this Court for a writ of habeas corpus to release him from secure detention at the Miami-Dade Regional Juvenile Detention Center, where he is being held on a charge of grand theft auto. We grant the petition.
M.G. argues that the trial court's order does not satisfy the statutory criteria for keeping him in secure detention. He contends that the pending case of grand theft auto should not have qualified as a detainable charge in the Detention Risk Assessment Instrument (DRAI). M.G. further contends that the court improperly found the aggravating circumstance, thereby adding three points to the DRAI score, because of the arrest on grand theft auto while out in custody on an adult case. M.G. argues that the finding of aggravating circumstances amounts to double scoring.
M.G. qualifies for home detention. Section 985.255(1)(g), Florida Statutes, provides, in pertinent part:
The child is charged with any second degree or third degree felony involving a violation of chapter 893 or any third degree felony that is not also a crime of violence, and the child:
1. Has a record of failure to appear at court hearings after being properly notified in accordance with the Rules of Juvenile Procedure;
2. Has a record of law violations prior to court hearings;
3. Has already been detained or has been released and is awaiting final disposition of the case;
4. Has a record of violent conduct resulting in physical injury to others; or
5. Is found to have been in possession of a firearm.
The Department of Juvenile Justice properly determined that M.G.'s arrest for grand theft auto qualifies him for detention under section 985.255. M.G. violated the law prior to his court hearing on the adult court charge of conspiracy to commit armed robbery. This constitutes a record of law violation. See P.M. v. Carter, 658 So.2d 188 (Fla. 3d DCA 1995). Furthermore, although not marked on the DRAI, M.G. also meets the criteria of subsection (3)"Has already been detained or has been released and is awaiting final disposition of the case." Here, M.G. committed the grand theft auto while he was on custody release for the charges of conspiracy to commit armed robbery.
However, the State agrees with M.G.'s contention regarding the aggravating factor based on the facts of the currently pending conspiracy to commit *636 armed robbery in the adult felony division. The State concedes that it is improper to consider that as an aggravating factor, since it already was incorporated into the DRAI with two points for the other current offenses and pending charges.
Accordingly, there was no basis for ordering secure detention in this case. As such, we order that M.G. be immediately released from secure detention and placed in the custody of his parent or guardian or, if they are unable to receive him, to a person authorized by the parent, and placed on home detention, as required by his DRAI score.
This opinion shall take effect immediately notwithstanding the filing of any motion for rehearing or other post-decision motion.
Petition granted.