KAHN, J.
 

 M.W., a juvenile, petitions this court for habeas corpus relief, contending that he was unlawfully placed in secure detention based on a risk assessment instrument (RAI) that improperly “double scored” him for the same circumstance. Although M.W. has now been released from secure detention, we have retained jurisdiction in this matter because the issue is likely to recur yet may evade review.
 
 See J.R. v. State,
 
 953 So.2d 690 (Fla. 1st DCA 2007).
 

 Petitioner was arrested for an alleged violation of section 790.23(l)(b), Florida Statutes, which prohibits persons previously having been found to have committed certain delinquent acts from possessing any firearm, ammunition, or electric weapon or device, or carrying a concealed weapon, including a tear gas gun or chemical weapon or device. In petitioner’s case, he was alleged to have been in possession of a firearm. A violation of section 790.23(l)(b) is a second-degree felony, and unless otherwise specified, the RAI assesses eight points where the most serious current offense is a second-degree felony. Where the violation involves “possession of a firearm or concealed weapon by a youth previously adjudicated or with adjudication withheld for a crime that would be a felony if committed by an adult,” the RAI calls for the assessment of 10 points, rather than 8. Given the nature of M.W.’s offense, he was correctly assessed 10 points under the RAI category addressing his most serious current offense.
 

 A separate category of the RAI addresses the “Mandatory Aggravating Circumstance: Illegal possession of a firearm,” and assesses 3 additional points when this factor is found to be present. M.W. was also assessed these 3 points which, when combined with the 10 points scored for his most serious current offense and a single point attributable to his prior record, resulted in a score in excess of the 12 points necessary to justify secure detention. Petitioner challenges inclusion of the additional 3 points. We agree with our sister court’s conclusion in
 
 D.P. v. State, 8
 
 So.3d 1203 (Fla. 5th DCA 2009), that this scoring method runs afoul of the prohibition on “double-scoring” additional aggravation points for factors already accounted for and quantified in the RAI.
 
 See P.A.J. v. Gnat,
 
 684 So.2d 310 (Fla. 1st DCA 1996);
 
 D.G.H. v. Gnat,
 
 682 So.2d 210 (Fla. 1st DCA 1996);
 
 see also M.G. v. Berry,
 
 998
 
 *784
 
 So.2d 634 (Fla. 3d DCA 2008);
 
 D.G. v. Miles,
 
 872 So.2d 348 (Fla. 2d DCA 2004). The fact that petitioner violated section 790.23(l)(b) by possessing a firearm had already been accounted for by the scoring of 10 points for that offense, rather than the 8 points that would have been scored had he violated the statute by some means other than possession of a firearm or concealed weapon.
 

 Because M.W.’s alleged possession of a firearm had already been accounted for under his current offense score of 10 points, and in light of the foregoing authorities, we find error in the assessment of an additional 3 points in aggravation based on precisely the same factor. With the deletion of these points, petitioner’s RAI score alone would not have justified secure detention.
 

 PETITION GRANTED.
 

 PADOVANO and LEWIS, JJ., concur.