BLACK, Judge.
J.L.B. petitioned this court for a writ of habeas corpus, challenging the validity of his detention pending juvenile delinquency proceedings. Because J.L.B. was released from detention shortly after the petition was filed, we dismissed the petition as moot. However, because the improper scoring of the Risk Assessment Instrument (RAI) by the circuit court is capable of repetition yet evading review, see T.T. v. Esieves, 828 So.2d 449, 450 (Fla. 4th DCA 2002), we issue this opinion.
When J.L.B. appeared before the court for an initial detention hearing, he scored nine points on the RAI. At that time, a representative from the Department of Juvenile Justice (DJJ) indicated that J.L.B. was possibly a gang member who had committed the offense while under DJJ supervision. Based on that circumstance, the circuit judge believed that an additional three points could be added, which would justify placing J.L.B. in secure detention. However, the court wanted proof of gang activity and rescheduled the hearing for a later date.
At the second hearing, no evidence was presented that J.L.B. was a gang member or that he had committed the new offense — burglary—while under DJJ supervision. Thus, his RAI total stood at nine points, which would require that he be released on nonsecure or home detention. Nevertheless, the circuit judge determined that three additional points could be added as aggravators on the RAI based on two factors: the “high risk” nature of his prior commitment and the circumstances of the current burglary offense. The court observed that this particular burglary was “a crime of secrecy, a crime of skill, a crime of stealth and that the only way he was arrested was that he had left fingerprints”; J.L.B. did not simply do “something outlandish or stupid, but he was quite clever *1139 and skilled at it.” The petitioner’s attorney generally objected to the addition of aggravating points and specifically argued that the petitioner’s criminal history was already factored into the RAI.
In his petition before this court, J.L.B. argues that the assessment of additional points for these factors constituted impermissible double scoring for circumstances already taken into account by the RAI. See D.G. v. Miles, 872 So.2d 343, 344 (Fla. 2d DCA 2004). The petitioner’s argument is well taken, and the State concedes as much. The circuit judge’s view was that adding points for the type of prior commitment — high risk — was not tantamount to scoring extra points for criminal history. However, there is nothing in the statute governing juvenile pretrial detention, section 985.24, Florida Statutes (2011), nor in the case law that would justify such a fine distinction. For example, in D.G., 872 So.2d at 344, this court granted the juvenile’s petition because the court assessed two aggravating points for violation of probation even though the juvenile had already been assessed one point for a prior offense with adjudication withheld. In T.B. v. State, 897 So.2d 530, 530 (Fla. 4th DCA 2005), the Fourth District found that it was improper to add an extra point as an aggravating factor for the juvenile’s “significant prior record” because prior record was accounted for in the prior history section of the RAI.
Similarly, assessing extra points based on the technique with or circumstances under which the juvenile allegedly committed the currently scored offense also constitutes double scoring. See M.W. v. Dep’t of Juvenile Justice, 15 So.3d 782, 784 (Fla. 1st DCA 2009) (holding that assessing three aggravating points based on use of a firearm was impermissible because the juvenile had already been assessed eight points for the offense of possession of a firearm); see also M.G. v. Berry, 998 So.2d 634, 635-36 (Fla. 3d DCA 2008) (holding that the circuit court improperly added points as an aggravating factor based on the facts of a charge for conspiracy to commit an armed robbery pending in the adult felony division because that circumstance was incorporated into the RAI for other current offenses and pending charges). In any event, as the respondent observed in its response to this petition, if the circuit judge relied only upon the fact that the petitioner was arrested for this crime because he left fingerprints to infer that J.L.B. employed stealth, secrecy, or skill in the commission of the crime, this legal conclusion may be flawed. See E.T.R. v. State, 873 So.2d 571, 573 (Fla. 2d DCA 2004) (“Even assuming that the evidence strongly suggests E.T.R.’s guilt of attempted burglary, it does not do so to the exclusion of all other inferences.”). Although the circuit judge declared at the hearing that he had “read all the cases” and concluded that nothing prevented him from assessing extra points for these aggravators, neither the respondent nor this court could locate any eases specifically permitting these additional aggravating points.
We hold that the assessment of aggravating points was improper in this case. Had this petition not been dismissed as moot, we would have been compelled to grant it based upon the reasoning expressed in this opinion.
WALLACE and LaROSE JJ„ Concur.