PER CURIAM.
A juvenile petitioned this court for a writ of habeas corpus seeking release from secure detention prior to an adjudicatory *971 hearing. See § 985.26(2), Fla. Stat. (2012) (permitting a court to continue detention for up to 21 days pending an adjudicatory hearing). We granted the petition by order and this opinion follows.
The undisputed facts in this case indicate that, at nearly 8:00 a.m. on April 20, 2013, a law enforcement officer determined that the juvenile was driving in an inappropriate manner and commenced efforts to have the juvenile bring the car to a stop. The officer testified the juvenile ran a stop sign, made quick turns, and drove at speeds up to 50 or 60 mph in a residential neighborhood. There was no evidence offered that any other vehicle was on the road at the time or that any individuals were in danger of physical harm during the chase. The juvenile, who had no prior record, was cooperative and not combative when he eventually pulled over. During the stop, he said he did not see the officer and that he did not think the officer was coming after him. He acknowledged that he had been “drinking.” A cold beer, an open bottle of vodka, and some marijuana were found in the car. An officer found other cold beers of the same brand on the roadside near where the juvenile had fled.
Along with marijuana possession and possession of alcohol by a minor, the juvenile was charged with aggravated fleeing and eluding pursuant to section 316.1935(3)(a), Florida Statutes (2012).[1] The juvenile probation officer included 12 points on the risk assessment instrument (RAI) for the aggravated fleeing and eluding charge. A score of 12 points or more on the RAI authorizes secure detention, as opposed to nonsecure detention or home detention care. Section IIIA.2 of the RAI form requires the juvenile probation officer to score 12 points when the “most serious current offense” is a “violent second degree felon[y]” (emphasis added). By contrast, second degree felony drug charges earn 10 points; second degree felony charges for dealing in stolen property earn 7 points; and “all other second degree felonies” earn 8 points. At the detention hearing and in this petition, defense counsel argued that this offense should not have been scored as a “violent” second degree felony, but as an “all other second degree felon[y],” and thus scored below the 12 points required for secure detention.
The part of the statute that specifically addresses “detention” notes:
All determinations and court orders regarding placement of a child into detention care shall comply with all requirements and criteria provided in this part and shall be based on a risk assessment of the child, unless the child is placed into detention care as provided in s.985.255(2).[2]
§ 985.245(1), Fla. Stat. (2012). There are no rules, controlling statute, case law, or anything on the RAI itself that define what constitutes “violent second degree felonies” in Section IIIA.2. of the RAI and how these felonies are differentiated from *972 the “all other second degree felonies” that score 8 points.
We do not agree with defense counsel that enumerated offenses in recidivist statutes or the definition of “forcible felony” in section 776.08, Florida Statutes, apply or should apply to the RAI and the decision of whether to hold a child in secure detention. See Bynes v. State, 127 So.3d 556, 2012 WL 5500335 (Fla. 4th DCA 2012). But, we agree that the plain meaning of the word “violent” is not applicable to the section 316.1935(3)(a) offense of “aggravated fleeing or eluding.” A court may consider the plain language of words used in the RAI in deciding whether an offense is properly scored. See, e.g., M.S. v. Housel, 907 So.2d 651, 654 (Fla. 4th DCA 2005); C.R.C. v. Portesy, 731 So.2d 770 (Fla. 2d DCA 1999).
The American Heritage Dictionary (2011) defines “violent” in part as:
1.
a. Causing or intending to cause damage, injury, or death, often when involving great force: a violent car crash; a violent attack.
b. Characterized by or displaying physical -violence: a violent past, a violent movie.
c. Caused by unexpected force or injury rather than by natural causes: a violent death.
d. Given to physical violence: a violent criminal.
Black’s Law Dictionary (2009) defines “violent” as:
1. Of, relating to, or characterized by strong physical force evident blows to the legs>. 2. Resulting from extreme or intense force evident death >. 3. Vehemently or passionately threatening e violent words >.
Whether looking at the elements of the charge, as the defense argued, or the facts in this case, as the state argued, this was not a “violent” offense within the plain meaning of that term, in contrast to other second degree felonies, such as aggravated battery and homicide. Here, there was no “strong physical force” or “intense or vehement threat to persons or property,” nor did the juvenile’s conduct result in “serious bodily injury or death to another person,” which would have raised the offense to a first degree felony, § 316.1935(3)(b), Fla. Stat. (2012). Under the circumstances, twelve points should not have been added to the RAI score for this charge.
Accordingly, the petition is granted.
MAY, C.J., GROSS and FORST, JJ., concur.

. This subsection provides:
Any person who willfully flees or attempts to elude a law enforcement officer ⅝ an authorized law enforcement patrol vehicle, with agency insignia and other jurisdictional markings prominently displayed on the vehicle, with siren and lights activated, and during the course of the fleeing or attempted eluding:
(a) Drives at high speed, or in any manner which demonstrates a wanton disregard for the safety of persons or property, commits a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.

. Section 985.255(2), Florida Statutes, relates to domestic violence charges and is not applicable in this case.