# Third District Court of Appeal

## State of Florida

Opinion filed August 6, 2014.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D14-1259
Lower Tribunal No. 14-1717
_____

**A.M., a juvenile,**
Petitioner,

vs.

**The State of Florida, et al.,**
Respondents.

A Case of Original Jurisdiction – Habeas Corpus.

Carlos J. Martinez, Public Defender, and Billie Jan Goldstein, Assistant Public Defender, for petitioner.

Pamela Jo Bondi, Attorney General, and Keri T. Joseph, Assistant Attorney General, for respondents.

Before SUAREZ, EMAS and SCALES, JJ.

EMAS, J.

A.M., a juvenile, filed a petition for writ of habeas corpus, seeking release from custody and asserting that he is being unlawfully held in secure detention because his offense was improperly designated a violent third-degree felony. The question presented is whether the charge of robbery by sudden snatching is a violent third-degree felony or a non-violent third-degree felony for purposes of determining whether A.M. met the criteria for secure detention. For the reasons that follow, we hold that, under the facts of the instant case, the offense of robbery by sudden snatching should properly have been designated a non-violent third-degree felony.

A.M. was arrested on May 22, 2014, and charged with robbery by sudden snatching, a third-degree felony. The arrest report included the following factual narrative in support of the arrest:

> [Victim] was walking in the park when the def. ran up behind him and snatched the cell phone which was in his hand. The def. fled from the park. [Witness] was with the def. when it happened and provided information on the def. and identified the def. from photograph. The def. was located at his residence and was arrested. Def. taken to the JAC [Juvenile Assessment Center] via [Police] Station 6.

A detention hearing was held the following day. At that detention hearing, the court is required to utilize the results of the Detention Risk Assessment Instrument ("Risk Assessment") in determining the need for continued detention, or the appropriate conditions for release pending an adjudicatory hearing. See §§ 985.255(3)(a), 985.245(1)-(2), Florida Statutes (2014). The Risk Assessment is a

2

point-based system which assigns points based upon, for example, the nature of the juvenile's current offense and any prior or pending offenses. If the Risk Assessment results in a score of twelve points or more, a juvenile may continue to be held in secure detention.

Prior to the commencement of the hearing, the Department of Juvenile Justice ("the Department") prepared the Risk Assessment, as provided by section 985.245, Florida Statutes (2014), and designated the robbery by sudden snatching as a violent third-degree felony which, together with A.M.'s other pending offenses, resulted in a qualifying score for secure detention. However, had the robbery by sudden snatching been designated a non-violent third-degree felony, A.M.'s score would not have qualified him for secure detention and would have resulted in his release on home detention.[1]

In 1999, the Florida Legislature enacted section 812.131, Florida Statutes, entitled "Robbery by Sudden Snatching." It provides in pertinent part as follows:

> (1) "Robbery by sudden snatching" means the taking of money or other property from the victim's person, with intent to permanently or temporarily deprive the victim or the owner of the money or other property, when, in the

---

[1] It is unnecessary to address the other aspects of the Risk Assessment that were relied upon in ordering secure detention, because the dispositive question here is whether the instant offense should have been scored as a violent third-degree felony or a non-violent third-degree felony. The parties agree that if the robbery by sudden snatching was a violent third-degree felony, A.M. qualifies for secure detention; if it was a non-violent third-degree felony, A.M. would have been released on home detention.

3

course of the taking, the victim was or became aware of the taking. In order to satisfy this definition, it is not necessary to show that:

(a) The offender used any amount of force beyond that effort necessary to obtain possession of the money or other property; or

(b) There was any resistance offered by the victim to the offender or that there was injury to the victim's person.

(2)(a) If, in the course of committing a robbery by sudden snatching, the offender carried a firearm or other deadly weapon, the robbery by sudden snatching is a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.

(b) If, in the course of committing a robbery by sudden snatching, the offender carried no firearm or other deadly weapon, the robbery by sudden snatching is a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.

§812.131, Fla. Stat. (2014).

The statute does not require that the offender use or threaten to use any force or violence in order to commit the crime of robbery by sudden snatching.  In fact, no force whatsoever is required "beyond that effort necessary to obtain possession of the money or other property."  The only elemental difference between a robbery by sudden snatching and a theft is that robbery by sudden snatching requires proof that "in the course of the taking, the victim was or became aware of the taking."  § 812.131(1).  This can be further established by comparing the jury instructions for

4

grand theft (Fla. Std. J. Instr. (Crim.) 14.1) and robbery by sudden snatching (Fla.

Std. J. Instr. (Crim.) 15.4):

## 14.1 THEFT

§ 812.014, Fla. Stat.

To prove the crime of Theft, the State must prove the following two elements beyond a reasonable doubt:

1. (Defendant) knowingly and unlawfully [obtained or used] [endeavored to obtain or to use] the (property alleged) of (victim).
2. [He] [She] did so with intent to, either temporarily or permanently,
a. [deprive (victim) of [his] [her] right to the property or any benefit from it.]
b. [appropriate the property of (victim) to [his] [her] own use or to the use of any person not entitled to it.]

## 15.4 ROBBERY BY SUDDEN SNATCHING

§ 812.131, Fla. Stat.

To prove the crime of Robbery by Sudden Snatching, the State must prove the following four elements beyond a reasonable doubt:

1. (Defendant) took the (money or property described in charge) from the person of (person alleged).
2. The property taken was of some value.
3. The taking was with the intent to permanently or temporarily deprive (victim) or the owner of [his] [her] right to the property.
4. In the course of the taking, (victim) was or became aware of the taking.

It is the last element above that, for our purposes, differentiates theft from

robbery by sudden snatching; a theft, accompanied by the victim's

contemporaneous awareness of the taking, makes the theft a robbery by sudden snatching. The robbery by sudden snatching jury instruction further provides:

> It is not necessary for the State to prove that the defendant used any amount of force beyond that effort necessary to obtain possession of the money or other property, that there was any resistance offered by the victim or that there was any injury to the victim's person.

Fla. Std. J. Instr. (Crim.) 15.4

Given the plain language of the statute, echoed in the provisions of the standard jury instructions, we conclude that robbery by sudden snatching is not, by its statutory elements, a violent third-degree felony and should not have been designated as such in the instant case when scoring A.M.'s offense under the Risk Assessment. See Thomas v. State, 983 So. 2d 746 (Fla. 4th DCA 2008) (holding the use or threat of physical force or violence against an individual is not a statutory element of the crime of robbery by sudden snatching). See also T.K. v. State, 125 So. 3d 970 (Fla. 4th DCA 2013)(holding that, given the plain language of the term "violent," the crime of aggravated fleeing and eluding was not a violent second-degree felony for purposes of the Risk Assessment).

We have considered the case relied upon by Respondent, J.W. v. Leitner, 801 So. 2d 295 (Fla. 2d DCA 2001). In J.W., the juvenile was confined in secure detention following his commitment and pending placement in a high-risk residential program. Such detention is authorized under section 985.214(10)(c),

Florida Statutes (2014), and requires a score of twelve or more points on a risk assessment instrument. The risk assessment established that the juvenile was initially charged with robbery by sudden snatching, which was scored as nine points, clearly below the twelve-point minimum. The issue directly addressed in J.W. was not whether robbery by sudden snatching was properly scored as a violent third-degree felony, but whether the trial court could rely upon other information provided by the Department (but not authorized for consideration under the statute) in determining whether the juvenile met the criteria for secure detention. The Second District held that "a child awaiting placement in a high-risk residential program may not be held in secure detention unless they meet detention criteria" under section 985.215(10)(c).

In a footnote, the J.W. court did state that the offense of robbery by sudden snatching was correctly scored as a violent third-degree felony. Id. at 297 n. 1. However, this statement is not necessary to the holding in J.W. We consider it *dicta* and, based upon our analysis, respectfully disagree with our sister court's conclusion in this regard. See Puryear v. State, 810 So. 2d 901 (Fla. 2002) (noting statements not necessary to the holding constitute *dicta*.)

We hold that, in light of the statutory elements of the crime, and the factual allegations in this case,[2] the offense of robbery by sudden snatching should not

---

[2] At a detention hearing, the court is required, in part, to determine "the existence of probable cause to believe the child has committed a delinquent act." See Fla. R.

have been scored as a violent third-degree felony. However, in light of petitioner's

release during the pendency of this cause, we dismiss the petition as moot.[3]

---

Juv. P. 8.010(g). We need not and therefore do not decide whether a court could find a robbery by sudden snatching constitutes a "violent third-degree felony" where the factual allegations of the particular crime support a finding of probable cause that the juvenile in fact used or threatened to use force or violence. See T.K., 125 So. 3d at 972 (considering both the statutory elements of the crime and the factual allegations of the particular crime in assessing whether it could be considered a "violent" offense for purposes of the Risk Assessment).

[3] Because the petitioner was released from secure detention during the pendency of this cause, Respondent suggested we need not reach the merits of the petition. Nevertheless, we exercise our discretion to do so, since this issue has arisen in the past and is likely to recur. Holly v. Auld, 450 So. 2d 217, 218 n. 1 (Fla. 1984). Juvenile detention issues, such as the one raised here, are capable of repetition yet evading review, given their frequent resolution before the appellate court can complete its review and render a merits decision. C.J. v. Rolle, 608 So. 2d 117 (Fla. 3d DCA 1992); J.L.B. v. Kelly, 93 So. 3d 1137 (Fla. 2d DCA 2012); K.E. v. Department of Juvenile Justice, 963 So. 2d 864 (Fla. 1st DCA 2007); T.T. v. Esteves, 828 So. 2d 449 (Fla 4th DCA 2002).