# Third District Court of Appeal

## State of Florida

Opinion filed September 3, 2014.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D14-1277
Lower Tribunal No. 14-1769
_____

**O.A., a juvenile,**
Petitioner,

vs.

**The State of Florida,**
Repondent.

A case of Original Jurisdiction – Habeas Corpus.

Carlos J. Martinez, Public Defender, and Billie Jan Goldstein, Assistant Public Defender, for petitioner.

Pamela Jo Bondi, Attorney General, and Keri T. Joseph, Assistant Attorney General, for respondent.

Before SUAREZ, EMAS and SCALES, JJ.

PER CURIAM.

On May 30, 2014, O.A., a juvenile, filed an emergency petition for writ of habeas corpus seeking release from home detention. On June 2, 2014, this court issued a clerk's order vacating the trial court's order of home detention and directing the trial court to release O.A. to the custody of a parent or guardian. The clerk's order noted that an opinion would follow.

O.A. was arrested on May 27, 2014, and charged with two third-degree felonies: (i) robbery by sudden snatching (section 812.131, Florida Statutes (2014)), and, (ii) possession of a controlled substance without a prescription (section 893.13(6)(a), Florida Statutes (2014)).

A juvenile's detention status is determined by the trial court's scoring of the juvenile based on, among other factors, the nature of the offense(s) charged. § 985.245 Fla. Stat. (2014).

At O.A.'s May 28, 2014, detention hearing, over the objection of O.A., the trial court classified the charged crime of robbery by sudden snatching as a "violent third-degree felony" resulting in an enhanced detention-status score for O.A.[1]

Based on O.A.'s detention-status score, the trial judge ordered home detention for O.A. under section 985.255(1)(f), Florida Statutes.

---

[1] The record reflects that the trial court relied on a written schedule prepared by Florida's Department of Juvenile Justice which, for the purpose of detention-status scoring, delineates which crimes are "violent."

In determining that portion of O.A.'s detention score attributable to the crime of robbery by sudden snatching, the trial judge did not have the benefit of our court's recent decision in <u>A.M. v. State</u>, No. 3D14-1259 (Fla. 3d DCA Aug. 6, 2014). In <u>A.M.</u>, a case virtually indistinguishable from the instant case, this court held that robbery by sudden snatching is not a categorical "violent third-degree felony" when the crime is committed without the use of force beyond that which is necessary to obtain possession of the stolen property.

Hence, O.A.'s detention-status score was miscalculated resulting in O.A.'s improper detention. O.A.'s emergency petition for writ of habeas corpus is granted. <u>See</u> <u>A.M. v. State</u>, No. 3D14-1259 (Fla. 3d DCA Aug. 6, 2014).