# Third District Court of Appeal

## State of Florida

Opinion filed July 12, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-1582
Lower Tribunal No. 16-1739
_____

**Y.A., a juvenile,**
Petitioner,

vs.

**The State of Florida,**
Respondent.


A Case of Original Jurisdiction – Habeas Corpus.

Carlos J. Martinez, Public Defender, and Harvey Sepler, Assistant Public Defender, for petitioner.

Pamela Jo Bondi, Attorney General, and Jay Silver, Assistant Attorney General, for respondent.

Before SHEPHERD, EMAS, and SCALES, JJ.

EMAS, J.

In his petition for writ of habeas corpus, Y.A., a juvenile, challenges the trial court's order of secure detention, which was based upon a Detention Risk Assessment Instrument (DRAI) prepared by the Department of Juvenile Justice (DJJ). Specifically, the DRAI calculated Y.A.'s risk assessment score at twelve points, a score that Y.A. contends the trial court improperly relied upon in ordering Y.A. to secure detention.[1]

In calculating Y.A.'s score on the DRAI, the DJJ assigned points based upon Y.A.'s most serious current offense (seven points); any other separate but pending offenses (zero); prior history of adjudication or adjudication withheld (two); and legal status (two). These assessments totaled eleven points, warranting non-secure or home detention. However, the DJJ assessed one point for "Aggravating Circumstances," and explained, on the last page of the DRAI, the basis for this additional point: "The youth has an extremely unusual amount of prior offenses. The Juvenile has unusual amount of prior offenses."[2]

The DRAI was presented to the trial court during the detention hearing. The trial court found that secure detention was appropriate, but Y.A.'s counsel

---

[1] A risk assessment of twelve points or higher authorizes secure detention; however a risk assessment score of seven to eleven points authorizes only non-secure detention or home detention.

[2] We assume, but cannot be certain on this record, that DJJ was referring to "prior offenses" that are not otherwise included and scored under the DRAI's section for prior history.

challenged the calculations and specifically contended that the additional point for Aggravating Circumstances was improper. The trial court did not directly address this objection, or make a finding that the additional one-point assessment for Aggravating Circumstances was warranted based upon Y.A.'s "extremely unusual amount of prior offenses." Instead, the trial court indicated it was ordering secure detention based on the fact that Y.A. was on probation and allegedly violated that probation by being arrested on this new charge. This was an improper basis upon which to order secure detention, as the DRAI already took into account, and assessed points for, the petitioner's "legal status" (i.e., being on probation) at the time of his arrest. Therefore, utilizing Y.A.'s probationary status as a basis for assessing an additional point as an Aggravating Circumstance would be an impermissible double scoring. See, e.g., D.G. v. Miles, 872 So. 2d 343 (Fla. 2d DCA 2004).

We therefore grant the writ, withhold its formal issuance, quash the order of secure detention and remand with directions to hold an expedited detention hearing. This order shall take effect immediately, notwithstanding the filing of any motion for rehearing or other post-decision motion.