IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

A.B., A CHILD,

     Petitioner,

 v.

STATE OF FLORIDA AND ADRIAN
MATHENA, SUPERINTENDENT OF
THE ORANGE REGIONAL
DETENTION CENTER,

     Respondents.

_____/

Case No. 5D18-1702
LWR CT. NO: 2018-CJ-001627-A-OR

Opinion filed June 1, 2018

Petition for Writ of Habeas Corpus,
A Case of Original Jurisdiction.

Robert Wesley, Public Defender, and Caley
Aidif, Assistant Public Defender, Orlando,
for Petitioner.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Rebecca Roark Wall, for
Respondent.


EDWARDS, J.

     A.B., a child, petitions this court for a writ of habeas corpus, claiming that the trial

court recalculated her Risk Assessment Instrument (RAI) incorrectly, resulting in her

being unlawfully placed in secure detention rather than home confinement while she

awaits her delinquency hearing that is scheduled for June 5, 2018.[1] We grant the petition, in part, so that the trial court may correct the erroneous RAI scoring. However, we otherwise deny the petition because section 985.255(1)(e), Florida Statutes (2018), allows the trial court to order continued secure detention when, as here, the child is charged with the illegal possession of a firearm. Accordingly, we remand and direct the trial court to conduct further proceedings consistent with this opinion.

Police arrested A.B. following a traffic stop of the car in which she was a passenger. The driver admitted to police that there was marijuana in the car. Besides the marijuana, a search of the vehicle revealed a backpack between A.B.'s legs and her car seat that contained a .380 caliber pistol. There were five rounds in the magazine and one in the chamber. A petition for delinquency charged A.B. with possession of a firearm by a person found previously to have committed a felony-level delinquent act (count 1) and illegally carrying a concealed firearm (count 2).

The original RAI scored A.B. at fourteen points, which justified secure detention. That score was calculated by including ten points under section III(A)(3) for "possession of a firearm . . . by a youth previously adjudicated"; one point for her prior felony; and three more points under section III(F) for illegal possession of a firearm. At her detention hearing, A.B. correctly objected to the three points scored in section III(F) as effectively double scoring her possession of the concealed firearm; the State properly agreed with this objection. *See D.P., a Child, v. State*, 8 So. 3d 1203 (Fla. 5th DCA 2009).

---

[1] We recognize that our ruling will have limited durational impact on A.B.'s current placement, but her case is not moot at the time we are issuing our opinion.

The trial court then recalculated the RAI by assigning eight points under section III(A)(5) for "all other second degree felonies . . . "; one point under III(B)(3) for one prior felony adjudication or adjudication withheld; and three points under III(F) for mandatory aggravating circumstances: illegal possession of a firearm. The trial court's recalculation totaled twelve points, which again justified secure detention. A.B. again objected that the trial court was improperly double counting the firearm possession as both a second-degree felony and a mandatory aggravating circumstance. A.B. argued to the trial court and this court that proper RAI scoring would have assigned ten points for possession of the firearm, as originally done, together with one point for her prior felony, for a total of eleven points for which home detention would have been appropriate.[2] The court overruled her objection and A.B. remains in secure detention.

We agree with A.B. that the trial court erred under these facts in its recalculation of her RAI by scoring her single act of illegal possession of a firearm under two different categories. In a similar case, *M.W. v. Department of Juvenile Justice*, 15 So. 3d 782 (Fla. 1st DCA 2009), the court stated:

> A violation of section 790.23(1)(b) is a second-degree felony, and unless otherwise specified, the RAI assesses eight points where the most serious current offense is a second-degree felony. Where the violation involves "possession of a firearm or concealed weapon by a youth previously adjudicated or with adjudication withheld for a crime that would be a felony if committed by an adult," the RAI calls for the assessment of 10 points, rather than 8. Given the nature of M.W.'s offense, he was correctly assessed 10 points under the RAI category addressing his most serious current offense.

---

[2] We commend both trial counsel and the trial court for the very professional manner in which this issue was raised, discussed, and considered.

*Id.* at 783. The court concluded that the three points for "Mandatory Aggravating Circumstance: Illegal possession of a firearm," should be removed. *Id.* at 784. Accordingly, the correct calculation for A.B.'s RAI, as her counsel suggested, is a resulting score of eleven, which would not justify secure detention, based only on the RAI. However, our analysis does not end here.

A trial court can consider whether a statutory exception exists so that the nature of a child's placement or detention would not be determined by the RAI score. Specifically, as the State has argued to this court, sections 985.255(1) and (1)(e) provide that the trial court may order continued secure detention if the child is charged with illegal possession of a firearm. § 985.255(1)(e), Fla. Stat. Thus, the court on remand could properly impose secure detention based on that section. However, "[i]f the court orders a placement more restrictive than indicated by the results of the risk assessment instrument, the court shall state, in writing, clear and convincing reasons for such placement." § 985.255(3)(b), Fla. Stat.

For the reasons set forth above, we grant the petition in part and deny it in part. The trial court shall hold a further detention hearing, not later than June 4, 2018, for the purpose of properly recalculating A.B.'s RAI as eleven points. At that detention hearing, the trial court shall also consider whether secure detention is appropriate for A.B. based upon section 985.255(1)(e), and if so, it shall enter an appropriate written order. A.B. shall remain in secure detention pending this detention hearing and the trial court's further order.

PETITION GRANTED IN PART AND DENIED IN PART.

PALMER and LAMBERT, JJ., concur.