# Third District Court of Appeal

## State of Florida

Opinion filed January 3, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-1895
Lower Tribunal No. 21-21244
_____

**Patios West One Condominium Association, Inc.,**
Appellant,

vs.

**American Coastal Insurance Company,**
Appellee.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Peter R. Lopez, Judge.

Alvarez, Feltman, Da Silva & Costa, P.L., and Paul B. Feltman, for appellant.

Beck Law, P.A., and Joshua S. Beck (Boca Raton), for appellee.

Before EMAS, FERNANDEZ and BOKOR, JJ.

EMAS, J.

**INTRODUCTION**

Patios West One Condominium Association, Inc. (Patios West) appeals the trial court's order denying its motion to compel appraisal. The trial court denied the motion on the ground that the notice of supplemental or reopened claim sent by Patios West to its insurer was legally insufficient under section 627.70132, Florida Statutes (2017), because it did not include "some type of estimate" of damages. In so ruling, the trial court relied upon our sister court's decision in Goldberg v. Universal Prop. & Cas. Ins. Co., 302 So. 3d 919 (Fla. 4th DCA 2020).

Upon our de novo review, we hold that the plain and unambiguous language of section 627.70132 does not require that an insured provide an estimate of damages in order to comply with the statutory requirement for providing an insurer with notice of a supplemental or reopened claim. We disagree with the Fourth District's decision in Goldberg to the extent it holds otherwise, and reverse the trial court's order in the instant case.

**FACTUAL AND PROCEDURAL BACKGROUND**

Patios West, a condominium consisting of twenty residential buildings, sustained damage from Hurricane Irma on September 10, 2017. Soon thereafter, Patios West filed a claim with American Coastal Insurance Company (ACIC) for roof and interior damage to all twenty buildings. ACIC

2

responded to Patios West, acknowledged coverage, but—based in part on the opinion of an engineer retained to inspect the property—ACIC determined that only three of the twenty buildings sustained a covered loss, and that the total estimate to repair the damages was less than the policy's deductible. Therefore, ACIC stated, it was making no payment to Patios West on its claim at that time.

Patios West did not communicate further with ACIC on this claim until exactly three years later—September 10, 2020—the last day of the statutory, three-year deadline to file notice of a supplemental or reopened claim as provided in section 627.70132, Florida Statutes (2017):

> A claim, supplemental claim, or reopened claim under an insurance policy that provides property insurance, as defined in s. 624.604, for loss or damage caused by the peril of windstorm or hurricane *is barred unless notice of the claim, supplemental claim, or reopened claim was given to the insurer in accordance with the terms of the policy within **3 years** after the hurricane first made landfall or the windstorm caused the covered damage*.")

(Emphasis added).[1]

Patios West's September 10, 2020 letter advised ACIC that "[t]he claim relates to all damages caused by the storm, regardless of what you may or

---

[1] We note that the Legislature subsequently amended the statute in 2021, 2022, and 2023, to provide separate definitions for a "reopened claim" and a "supplemental claim" and to shorten the deadlines for filing a notice of claim. There is no dispute that the pre-2021 version of section 627.70132 applies to the instant case.

3

may not have observed at any inspection that may have been performed or any summary you or any agent of the insured may have previously given"; requested that ACIC "preserve the claim and any evidence with relation to the subject loss"; and asserted compliance with section 627.70132. No damage estimate or similar documentation was attached to the letter.

Four days later, ACIC responded, asserting the claim was barred as untimely because it was received on September 10, 2020, at **1:36 p.m.** and the eye of Hurricane Irma made landfall on September 10, 2017, at **9:10 a.m.—**i.e., calculating the statutory, three-year deadline by the hour instead of by the day, the reopened claim was filed approximately four hours too late. ACIC advised that it would nonetheless "investigate the reason for the late notice" and requested that: "[t]o that end, should you possess any *information supporting why the claim was reported late*, please provide that to us immediately." (Emphasis added). In doing so, ACIC "expressly reserve[d] the right to assert all policy provisions." Upon completing its investigation, ACIC denied the request to re-open the claim: "Since the request to re-open the claim was received more than three years after Hurricane Irma first made landfall, we are unable to provide coverage for the reported loss."

Patios West sued ACIC, alleging a count for breach of contract. ACIC answered and alleged numerous affirmative defenses, including that the notice of supplemental/reopened claim was untimely under section 627.70132, Florida Statutes (2017), and that the claim was "barred" because the notice of supplemental/reopened claim failed to include a "competing estimate of damages," as required in Goldberg, 302 So. 3d at 919.

Thereafter, Patios West filed a motion to compel appraisal. The trial court held a hearing and determined that, as to timeliness, ACIC incorrectly interpreted the three-year deadline, and concluded that Patios West timely filed its notice of supplemental/reopened claim. The trial court did not make any further determinations at that time.

Patios West later provided ACIC with a 78-page estimate of damages, and thereafter renewed its motion to compel appraisal. After conducting a hearing, the trial court denied the motion, finding that, although Patios West's September 2020 notice was timely, it was legally insufficient under Goldberg because it did not include "some type of competing estimate" evidencing a disagreement as to the amount of damages. See Pardo v. State, 596 So. 2d 665, 666 (Fla. 1992) ("The proper hierarchy of decisional holdings would demand that in the event the only case on point on a district level is from a district other than the one in which the trial court is located, the trial court be

5

required to follow that decision") (quotation omitted). Patios West appeals the trial court's determination.

**DISCUSSION AND ANALYSIS**

Despite the numerous arguments raised by both sides, the fundamental question in this case is whether the trial court properly construed section 627.70132 to find that the September 2020 letter was a legally insufficient notice of a supplemental/reopened claim. The answer to this question follows straightforwardly from the plain language of section 627.70132, Florida Statutes (2017).[2] The applicable version of section

---

[2] We reject Patios West's suggestion that the underlying claim was a continuation of the original claim. Patios West relies on language from the Second District's decision in American Coastal Ins. Co. v. Ironwood, Inc., 330 So. 3d 570 (Fla. 2d DCA 2021), to argue that the September 2020 letter was "simply a continuation of the same [original] claim." Id. at 573 (suggesting appraisal might be appropriate if the new claim had been part of the original roof claim). Such reliance is misplaced where ACIC's initial coverage determination noted that it considered the claim "closed." ("Please be advised, however, that the invitation to submit additional information or documentation is made without waiving or limiting your Insurer's rights, and that **_your Insurer considers the claim closed_**") (emphasis added). Compare Heritage Prop. & Cas. Ins. Co. v. Wellington Place HOA, Inc., 373 So. 3d 1, 4 (Fla. 4th DCA 2023) (distinguishing Ironwood where the initial claim remained open as indicated by the insurer's coverage determination letter: "Here, [], the insured's initial claim was never settled or closed after the insurer admitted coverage. . . . *We have generally recognized that a subsequent claim should be treated as part of the initial claim if the insurer has accepted coverage for the initial claim and the claim has not been settled*") (emphasis added).

6

627.70132 treats supplemental and reopened claims in the same manner and provides:

> A claim, supplemental claim, or reopened claim under an insurance policy that provides property insurance, as defined in s. 624.604, for loss or damage caused by the peril of windstorm or hurricane is barred unless notice of the claim, supplemental claim, or reopened claim was given to the insurer ***in accordance with the terms of the policy*** within 3 years after the hurricane first made landfall or the windstorm caused the covered damage. ***For purposes of this section, the term "supplemental claim" or "reopened claim" means any additional claim for recovery from the insurer for losses from the same hurricane or windstorm which the insurer has previously adjusted pursuant to the initial claim.*** This section does not affect any applicable limitation on civil actions provided in s. 95.11 for claims, supplemental claims, or reopened claims timely filed under this section.

(Emphasis added).

The terms of the insurance policy in this case tracks the relevant statutory language:

> **Changes to Duties In The Event Of Loss Or Damage include the following:**
>
> 5. A claim, supplemental claim, or reopened claim for loss or damage caused by windstorm or hurricane is barred unless notice of the claim, supplemental claim, or reopened claim is given to American Coastal *in accordance with the terms of the policy* within 3 years after the date the hurricane first made landfall in Florida or the windstorm caused the

7

covered damage. ***A supplemental claim or reopened claim means any additional claim for recovery from us for losses from the same hurricane or windstorm which we have previously adjusted pursuant to the initial claim***.

(Emphasis added). Neither the statute nor the policy includes any language requiring a notice of supplemental/reopened claim be accompanied by a damage estimate or the like.[3] To the contrary, the statute requires that the notice of supplemental/reopened claim be made "in accordance with the terms of the policy," and both the statute and the policy define a supplemental/reopened claim as an "additional claim for recovery" from the same, previously adjusted event.

We hold that Patios West's September 2020 letter constituted notice of an "additional claim for recovery" from ACIC for losses from the same hurricane which ACIC previously adjusted pursuant to Patios West's initial claim.

Patios West's letter asserted compliance with section 627.70132, (relating to "[a] claim, supplemental claim or reopened claim") and noted that "*[t]he claim* relates to all damages caused by the storm, *regardless of what you may or may not have observed at any inspection that may have been*

---

[3] During oral argument, ACIC's attorney conceded that the statute does not include "any language with regard to an estimate."

*performed, or any summary you or any agent of the insured may have previously given*." The letter was also specifically addressed to ACIC; referenced the event which resulted in the initial claim ("Patios West-Irma Claim (Policy number AMC-32555-02)"); requested that ACIC preserve documents related to the claim for purposes of potential litigation; and concluded by stating: "[C]onsider yourself on notice with respect to the full extent of Patios West's Hurricane Irma claim."[4] Compare <u>Gray v. Fla.</u>

---

[4] The letter reads in full:

> Epic Group Public Adjusters, LLC represents Patios West One Condominium Association, Inc. (Patios West) with respect to a covered loss caused by Hurricane Irma (policy number AMC-32555- 02). *The claim relates to all damages caused by the storm, regardless of what you may or may not have observed at any inspection that may have been performed, or any summary you or any agent of the insured may have previously given*.
>
> Please be advised that we request that you preserve the claim and any evidence with relation to the subject loss. This includes any written materials such as witness statements, video, audio or other communications which we anticipate will be discoverable and admissible in any potential litigation. The failure to preserve this material may result in a request by the Insured's attorney for a spoliation instruction at any trial in this matter.
>
> In an abundance of caution, *this communication complies with Florida Statute Section 627.70132*.

Peninsula Ins. Co., 363 So. 3d 1216 (Fla. 6th DCA 2023) (affirming trial court's finding of a legally insufficient notice of reopened/supplemental claim under section 627.70132 where the only thing submitted by the insured to the insurer was "the first page (unsigned) of a letter of representation between the [insureds] and their public adjuster").

The contents of the letter, taken together, and read in light of the plain language of section 627.70132, provided the requisite notice to ACIC of Patios West's supplemental or reopened claim pursuant to that statute.

In similar fashion, and given that the relevant language in the insurance policy mirrors the statutory language of section 627.70132, we hold that Patios West's notice was made "in accordance with the terms of the policy." We further note that, once ACIC received the September 2020 letter, it did not request a sworn proof of loss, damages estimate, or similar documentation. Instead, its written response to Patios West solicited documentation only with regard to the timing of the notice of claim, stating: "[I]n an abundance of good faith, [ACIC] is willing to investigate the reason for the late notice," and requested Patios West provide any information

---

Please consider yourself on notice with respect to the full extent of Patios West's Hurricane Irma claim.

(Emphasis added).

10

"supporting *why the claim was reported late*." (Emphasis added). Neither the policy nor ACIC required Patios West to include an estimate or similar documentation with its notice of supplemental/reopened claim,[5] and the September 2020 letter satisfied the statutory requirement that "notice of the . . . reopened claim was given to the insurer in accordance with the terms of the policy within 3 years. . . ." § 627.70132, Fla. Stat. (2017).

Both below and on appeal, ACIC relied primarily on Goldberg, 302 So. 3d at 919, to support its position that the September 2020 letter was legally insufficient to provide notice of Patios West's reopened claim. We find such reliance misplaced, because the language in Goldberg relied upon by ACIC (and the trial court below) is dicta.

In Goldberg, the insured submitted a claim to Universal for damages caused by Hurricane Irma. Universal adjusted the claim and sent payment to the insured. Three weeks later, the insured called Universal, stating "he had a proposal which was higher than" Universal's estimate. Universal requested that the insured forward the proposal, but the insured never did so. Id. at 922.

---

[5] As noted earlier, during the pendency of the proceeding below, Patios West provided ACIC with an estimate before renewing its motion to compel appraisal.

Approximately a month later (and two months after the filing of the initial claim), the insured's counsel "sent Universal a letter of representation, requesting various categories of documents related to the claim," stating: "this office is requesting this information prior to commencing any litigation in the interest of attempting to amicably resolve this matter." Id.

Counsel for the insured eventually called Universal, inquiring as to the status of the claim. The next day, however, the insured filed a one-count complaint against Universal for breach of contract, alleging Universal refused to pay the full value of the claim, thereby materially breaching the policy. Universal answered, contending that it had accepted coverage and fully paid all covered damages under the policy. As an affirmative defense, Universal asserted the insured "never filed a supplemental claim and never provided Universal with a separate estimate prior to filing suit." Id.

Following discovery, Universal moved for summary judgment based on the insured's failure to file a supplemental claim. After a hearing, the trial court granted Universal's motion and entered judgment in its favor, finding that the insured "failed to submit a supplemental claim as required by the terms and conditions of the subject policy and Florida law, with resulting prejudice to Defendant." Id.

12

On appeal, the Fourth District characterized the "threshold issue" before it as "whether [the insured] **was required to submit a supplemental claim before filing suit** for additional payment for the loss to the dwelling." Id. at 923 (emphasis added). In considering this issue, the court explained that, once Universal adjusted the initial claim, any request "for additional payment for losses from the same hurricane fell within the meaning of an 'additional claim for recovery . . . for losses from the same hurricane' which Universal 'previously adjusted.'" Id. at 923. Thus, the issue squarely decided by the Fourth District (i.e., the threshold issue) was whether the insured was required to file a supplemental claim <u>at all</u>. Having answered that question "yes"—and having determined that the insured was required, but failed, to file a supplemental claim (thus affirming the trial court's entry of final judgment in favor of Universal)—there was no need to decide the ancillary question of what would have constituted a legally sufficient notice of supplemental claim under the statute. Nevertheless, the <u>Goldberg</u> opinion suggested that a supplemental/reopened claim should include some form of competing estimate of damages:

> [W]e hold that Goldberg was required to file a supplemental claim *setting forth those damages* he sought in excess of what the insurance company had already paid.
>
> . . .

13

> A *competing estimate* by an insured's independent adjuster, or by a prospective contractor, which is submitted to the insurer *would fall within this definition of a "supplemental claim."*

Id. at 923, 924 (emphasis added).[6]

Even if the above portion of Goldberg is considered to constitute part of its holding and necessary to the decision, we respectfully disagree with it and do not follow it because, as explained previously, nowhere does section 627.70132 require that an insured include a damages estimate when giving notice to the insurer of the existence of a supplemental or reopened claim.

---

[6] While it's true that the Fourth District introduces the first portion of the above quote by the prefatory "we hold," this does not preclude what follows from constituting dicta. See Thourtman v. Junior, 275 So. 3d 726, 736 (Fla. 3d DCA 2019), approved, 338 So. 3d 207 (Fla. 2022) (analyzing an earlier opinion of the Florida Supreme Court, and concluding that a portion of that earlier opinion—though self-described as a part of its holding—constituted dicta). If—as the Goldberg opinion itself states—the threshold issue was simply whether the trial court correctly determined that the insured was required, but failed, to file a supplemental claim, then the question of what must be contained in a legally sufficient supplemental claim was unnecessary to the decision and dicta, regardless of the court's characterization of it as part of the holding. Thourtman, 275 So. 3d at 736; A.M. v. State, 147 So. 3d 98, 102 (Fla. 3d DCA 2014) ("statements not necessary to the holding constitute dicta") (citing Puryear v. State, 810 So. 2d 901 (Fla. 2002)); State v. Yule, 905 So. 2d 251, 259 n. 10 (Fla. 2d DCA 2005) ("A holding consists of those propositions along the chosen decisional path or paths of reasoning that (1) are actually decided, (2) are based upon the facts of the case, and (3) lead to the judgment. If not a holding, a proposition stated in a case counts as dicta.") (Canady, J., specially concurring) (quoting Michael Abramowicz & Maxwell Stearns, Defining Dicta, 57 Stan. L. Rev. 953, 1065 (2005)).

14

First and foremost, by focusing on the definition of "supplemental claim," Goldberg appears to overlook the fact that section 627.70132 is not a supplemental claim statute—it's a notice of supplemental claim statute. The statute does not delineate what must be contained in a notice of supplemental claim. Instead, it establishes an outside time limit (in our case, as in Goldberg, three years) within which an insured must give notice to the insurer of the existence of a supplemental or reopened claim. In setting forth the requirements for an insured to give notice of a claim to the insurer, nowhere does the statute require that the notice "set[] forth those damages . . . in excess of what the insurance company had already paid." Goldberg, 302 So. 3d at 923. Instead, the statute requires merely that the notice of a supplemental or reopened claim (1) be "given to the insurer in accordance with the terms of the policy" and (2) constitute an "additional claim for recovery" for losses from "the same hurricane." § 627.70132. The notice in the instant case satisfies these statutory requirements and is legally sufficient.

## CONCLUSION

We hold that Patios West met its obligation under section 627.70132, Florida Statutes (2017), to provide the insurer with notice of its supplemental/reopened claim in accordance with the terms of its insurance

15

policy. If the Legislature intended the statute to require more in a notice of supplemental/reopened claim under section 627.70132, it surely could have (and presumably would have) done so. It did not. <u>Mattino v. City of Marathon</u>, 345 So. 3d 939, 946 (Fla. 3d DCA 2022) ("If the plain language of the statutory text does not properly reflect the legislative intent, it falls upon that body, and not this court, to amend the statute to reflect that intent." (citing <u>Crosby v. Nat'l Foreign Trade Council</u>, 530 U.S. 363, 390-91 (2000) (Scalia, J., concurring) ("The only reliable indication of that [legislative] intent—the only thing we know for sure can be attributed to all of them—is the words of the bill that they voted to make law")). We therefore reverse the trial court's order denying the motion to compel appraisal, and remand for further proceedings not inconsistent with this opinion.

Reversed and remanded.